# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PROTECT THE PUBLIC'S TRUST<br>712 H Street, N.E.<br>Suite 1682<br>Washington, D.C. 20002,<br><br>        Plaintiff,<br><br>v.<br><br>U.S. FOOD AND DRUG ADMINISTRATION<br>10903 New Hampshire Ave.<br>Silver Spring, MD 20993,<br><br>        Defendant. | Civil Case No. 1:24-cv-00216 |

## COMPLAINT

1. Plaintiff Protect the Public's Trust brings this action against the U.S. Food and Drug Administration under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), seeking declaratory and injunctive relief to compel compliance with the requirements of FOIA.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

3. Venue is proper in this Court pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

## PARTIES

4. Plaintiff Protect the Public's Trust ("PPT") is a nonprofit corporation dedicated to restoring public trust in government by promoting the fair and equal application of the rules and standards of ethical conduct to all public servants. Consistent with Justice Brandeis's aphorism that "Sunlight is said to be the best of disinfectants; electric light the most efficient policeman," PPT seeks to promote transparency and broadly disseminate

1

information so that the American people can evaluate the integrity and ethical conduct of those who act in their name. Louis Brandeis, OTHER PEOPLE'S MONEY AND HOW BANKERS USE IT (1914), https://louisville.edu/law/library/special-collections/the-louis-d.-brandeis-collection/other-peoples-money-chapter-v.

5. Defendant U.S. Food and Drug Administration ("FDA" or the "Department") is a federal agency within the meaning of FOIA, 5 U.S.C. § 552(f)(1). The Department has possession, custody, and control of records responsive to Plaintiff's FOIA request.

## STATEMENT OF FACTS

**I.   Request 2023-3163**

6. On or about April 17, 2023, PPT submitted a FOIA to FDA (attached as Exhibit A) seeking the following records:

> 1. From October 26, 2021, through October 26, 2022, records of communications between the list of FDA officials and the list of entities/individuals pertaining to the Logic Technology Development's menthol e-cigarette application and its approval/denial process.
>
> FDA officials:
>
> a) Director, Dr. Brian King
>
> b) Deputy Director, Michele Mital
>
> c) Janelle R. Barth
>
> d) Kathleen Crosby
>
> e) Matthew Farrelly, Ph.D.
>
> f) May Nelson
>
> g) Ann Simoneau
>
> Entities/ individuals:

2

    I. Robert Califf, Commissioner

    II. Rochelle Walensky, Director of the Centers for Disease Control and Prevention (CDC)

    III. Nirav D. Shah, CDC Principal Deputy Director

    IV. Debra Houry, CDC Director for Program and Science

    V. Sherri Berger, CDC Deputy Director for Policy, Communications, and Legislative Affairs

    VI. Howard Zucker, CDC Deputy Director for Global Health

    VII. Robin D. Bailey, CDC Chief Operating Officer

    VIII. Kate Wolff, CDC Chief of Staff

    IX. Xavier Becerra, Secretary of the Department of Health and Human Services (HHS)

    X. Andrea Palm, HHS Deputy Secretary

    XI. Melanie Egorin, HHS Assistant Secretary for Legislation

    XII. Marvin Figueroa HHS Director, Intergovernmental and External Affair

    XIII. Admiral Rachel L. Levine, MD, HHS Assistant Secretary for Health

    XIV. Sean McCluskie, HHS Chief of Staff

    XV. Kamara Jones, Acting Assistant Secretary for Public Affairs

    XVI. John Kraus, Deputy Assistant Secretary for Public Affairs for Public Health

    XVII. Anyone at the email domain: '@*.eop.gov'

7. As Attorney General Garland has made clear, FOIA is "a vital tool for ensuring transparency, accessibility, and accountability in government" whose "'basic purpose . . . is to ensure an informed citizenry,' which is 'vital to the functioning of a democratic society [and] needed to check against corruption and to hold the governors accountable to the

governed.'" Merrick Garland, *Memorandum for Heads of Executive Departments and Agencies: Freedom of Information Act Guidelines* 1 (Mar. 15, 2022), https://www.justice.gov/ag/page/file/1483516/download (quoting *NLRB v. Robbins Tire & Rubber Co*, 437 U.S. 214, 242 (1978)) ("Garland Memo").

8. The release of these documents is in the public interest because they will provide additional information regarding several marketing denial orders issued to Logic Technology Development LLC regarding menthol e-cigarette products. *See FDA Denies Marketing of Logic's Menthol E-Cigarette Products Following Determination They Do Not Meet Public Health Standard*, FDA (Oct. 26, 2022), https://www.fda.gov/news-events/press-announcements/fda-denies-marketing-logics-menthol-e-cigarette-products-following-determination-they-do-not-meet. At the time, the FDA stated, "the applications lacked sufficient evidence to demonstrate that permitting the marketing of the products would be appropriate for the protection of the public health." *Id*. An internal FDA memorandum reportedly stated, "OS concluded that the existing literature supports that menthol-flavored cigarette smokers show a preference for menthol-flavored ENDS relative to tobacco-flavored [electronic nicotine delivery systems]." Alex Norcia, *Memos Show FDA Overruled Science-Office Call to OK Menthol Vapes*, Filter (Dec. 14, 2022), https://filtermag.org/menthol-vapes-fda/. The requested records will help clarify the process for denying the marketing applications and clarify the influence of political actors on the decision-making process.

9. On April 19, 2023, FDA acknowledged receipt of PPT's request and assigned it control number 2023-3163. FDA also stated "[d]ue to an increase in the number of incoming

requests, we may be unable to comply with the twenty-working-day time limit in this case, as well as the ten additional days provided by the FOIA."

10. On August 9, 2023, PPT requested a status update or estimated timeline for the production of records.

11. On August 11, 2023, FDA referred PPT's request for a status update to a specific employee, who did not immediately respond.

12. On August 28, 2023, PPT again requested a status update or estimated timeline.

13. Also on August 28, 2023, FDA responded, stating in part "[t]his case is awaiting some others in the que to clear. Once done we'll get to this one. November 1st would be reasonable looking at our workload."

14. On October 3, 2023, PPT asked "[i]s November 1 still the estimated date of completion?"

15. That same day, FDA responded "[y]es, I still that is reasonable, however, we may have a delay with one of the custodians because she has left [Center for Tobacco Products]. This delay is because we will have to do an electronic search for her records. We will send you a partial response if that is the only thing we're waiting on once we have the other responses."

16. On October 30, 2023 (two days before the FDA's estimated date of completion), FDA sent a letter stating in part: "After careful review of your FOIA request, we determined that your request is too broad in scope or did not specifically identify the records which you are seeking. Records must be described in reasonably sufficient detail to enable government employees who are familiar with the subject area to locate records without placing an unreasonable burden upon the agency. See 21 C.F.R. §20.40(b). Where possible, a requester should supply specific information regarding dates, titles, names of individuals,

names of offices, and name of agencies or organizations that may help identify the records. The FOIA does not require an agency to create new records, answer questions posed by requesters, or attempt to interpret a request that does not identify specific records." FDA's letter referenced four requests from PPT, including 2023-3163, which was also referenced in the email subject line.

17. FDA's letter did not identify any specific deficiency in PPT's request, which, as reprinted above, did include a date range, subject matter, and names of specific agency employees.

18. In light of the text of PPT's request and FDA's prior representations that it was processing request 2023-3163, FDA's claim that PPT's request was "too broad in scope or did not specifically identify the records which you are seeking" is simply not credible as a good faith effort to resolve genuine ambiguity.

19. Over the next several days, PPT and FDA exchanged several emails discussing setting up a time to speak.

20. On November 16, 2023, FDA sent a message stating in relevant part the following:

    As per our conversation today. It will take me a bit to get Kathy Crosby, Ann Simoneau, and Janelle Barth's records since Kathy has departed and the other two center directors are in the process of departing. As for the individuals listed as Health and Human Services (HHS) employees, this will also take a bit to gather their documents, but I will be processing this along with your request. I will follow up with you via email should I have any issues or questions in the meantime.

    For all the individuals/entities listed in your request as employees of the Centers for Disease Control, you would have to your request over to them directly so they can begin to process this request with their FOIA team.

21. On December 5, 2023, PPT asked "[a]re we squared away on this request? Or were you still looking for more information?"

22. FDA responded in part "I have been out of the office due to an emergency, hence the delay with processing your request. I will continue processing your request, and please allow me a bit to get back up to speed and I will respond with a proper update informing you of where in final review your request is."

23. On December 6, 2023, PPT emailed in part "I'm confused on how this request applies to CDC/ what FDA is searching for if not communications with the entities/individuals listed. We provided you with a list of FDA officials for their communications *between* the listed entities and individuals. Is the agency claiming they have no means to search for communications that are not internal to FDA? We have sent in requests before for interagency communications with no issues."

24. On December 6, 2023, FDA responded in part "[t]hanks I'll work on it have a great day."

25. There has been no further communication from the FDA.

26. As the Garland Memo makes clear, "Timely disclosure of records is also essential to the core purpose of FOIA." Garland Memo at 3.

27. Plaintiff's request has been pending for over 270 days—well beyond the statutory period to respond to a FOIA request, even in "unusual circumstances." 5 U.S.C. § 552(a)(6)(B). Yet the Department still has not made a determination of whether it will comply with Plaintiff's request. *See Citizens for Responsibility and Ethics in Washington v. FEC*, 711 F.3d 180 (D.C. Cir. 2013). To wit, FDA has not produced the requested documents, communicated to the Plaintiff the scope of the documents it intends to produce and withhold, along with the reasons for such withholding, nor informed Plaintiff of its ability to appeal any adverse portion of its determination.

28. Instead, FDA has flagrantly blown past its own estimated date of completion—November 1, 2023—and made a non-specific request for clarification that in context, and after several weeks of claiming to be nearing completion of the production, lacks credibility.

29. Moreover, even crediting the FDA's request for clarification, the FDA has still failed to respond to PPT's request within the mandatory time period. Under 5 U.S.C. § 552(a)(6)(A)(ii), agencies "may make one request to the requester for information and toll the 20-day period while it is awaiting such information that it has reasonably requested from the requester." FDA made its request no later than October 30, 2023, and received a response no later than December 6, 2023. Even if tolling were applied for this period, FDA has far exceeded the statutory period to respond to PPT's request.

30. Thus, FDA has not and does not appear to intend to meet its statutory obligations to provide the requested records absent litigation.

31. Through FDA's failure to make a determination within the time period required by law, PPT has constructively exhausted its administrative remedies with respect to request 2023-3163 and seeks immediate judicial review.

II.   **Request 2023-6818**

32. On or about August 4, 2023, PPT submitted another FOIA request (attached as Exhibit B) seeking the following records:

    1. From July 1, 2022, through October 26, 2022, records of communications between Brian King and officials in the Center for Tobacco Products Office of Science regarding Logic Technology Development's menthol e-cigarette application and its approval/denial process.

33. Dr. King is the Director of the FDA's Center for Tobacco Products. As with request 2023-3163, the release of these documents is in the public interest because they will provide additional information regarding several marketing denial orders issued to Logic

8

Technology Development LLC regarding menthol e-cigarette products. *See FDA Denies Marketing of Logic's Menthol E-Cigarette Products Following Determination They Do Not Meet Public Health Standard*, FDA (Oct. 26, 2022), https://www.fda.gov/news-events/press-announcements/fda-denies-marketing-logics-menthol-e-cigarette-products-following-determination-they-do-not-meet. At the time, the FDA stated, "the applications lacked sufficient evidence to demonstrate that permitting the marketing of the products would be appropriate for the protection of the public health." *Id*. An internal FDA memorandum reportedly stated, "OS concluded that the existing literature supports that menthol-flavored cigarette smokers show a preference for menthol-flavored ENDS relative to tobacco-flavored [electronic nicotine delivery systems]." Alex Norcia, *Memos Show FDA Overruled Science-Office Call to OK Menthol Vapes*, Filter (Dec. 14, 2022), https://filtermag.org/menthol-vapes-fda/. The requested records will help clarify the process for denying the marketing applications and clarify the influence of political actors on the decision-making process.

34. On or about August 7, 2023, FDA acknowledged receipt of Plaintiff's FOIA and assigned it control number 2023-6819. FDA also stated "[d]ue to an increase in the number of incoming requests, we may be unable to comply with the twenty-working-day time limit in this case, as well as the ten additional days provided by the FOIA."

35. On October 3, 2023, FDA sent an email in part asking the following questions:

> Regarding the search of the CTP Director and CTP/OS's records, do you know which components/officials in OS you would like us to search? Do you have the names of any officials that you would like to limit the search to?
>
> What types of records of communications are you seeking? Are you willing to limit the scope of the search to only include emails (with any attachments available)?

> Finally, are you willing to allow the records custodians to use terms appropriate for the search query or do you prefer to provide the search terms? Please let me know.
>
> We will conduct a search for records responsive to your request. If responsive records are located they will be reviewed, pursuant to the FOIA, for release to you.

36. On October 23, 2023, PPT responded in relevant part as follows:

> Regarding the search of the CTP Director and CTP/OS's records, do you know which components/officials in OS you would like us to search? Do you have the names of any officials that you would like to limit the search to?
>
> - director/ applicable title, deputy director(s)/ Applicable title, Chief of staff(s), and Comms director/ applicable title.
>
> What types of records of communications are you seeking? Are you willing to limit the scope of the search to only include emails (with any attachments available)?
>
> - Emails and texts
>
> Finally, are you willing to allow the records custodians to use terms appropriate for the search query or do you prefer to provide the search terms? Please let me know.
>
> - Yes

37. On October 24, 2023, FDA responded in relevant part:

> I understand that you are interested in CTP's records and that you are referring to communications between CTP's Director (and/or Deputy) and the Office of Science Directory (and/or Deputy). Is that correct? I hadn't thought that you were interested in having a search of the records for CTP's Office of Health Communication and Education conducted for this request but the reference to a Comms director (below) led me to consider whether you are asking for a search of OHCE.
>
> Here is a link to our organizational chart with the names of the components within CTP: https://www.fda.gov/aboutfda/fda-organization-charts/center-tobacco-products-organization-chart.
>
> Thank you for providing clarification.

38. On October 26, 2023, PPT responded in relevant part with the following, along with a chart containing titles:

> Sorry for the confusion. We'd like to search the below list:
>
> - Brian King
>
> - Matthew Farrelly, Director Office of Science
>
> - Tracy Phillips, Supervisory Mgmt and Program Analyst
>
> - LaRue Skinner
>
> - Tom Graham
>
> - Dionetta Taylor
>
> - Lisa Champion-Henry
>
> - Todd Cecil
>
> - Dale Slavin
>
> - Cristi Stark
>
> - Colleen Rodgers
>
> - Hans Rosenfeldt
>
> - Benjamin Apelberg
>
> - Dana van Bremmel
>
> - Daniel st Laurent
>
> - Yuan Tian
>
> - Kimberly Lindsey
>
> - Bridget Ambrose
>
> - Robin Toblin
>
> - Julian McGinn-Rodriguez

- Adrienne Clark

-Alexander Emmerman

- Courtney Haueter

- Kaylene Charles

39. As described above, on October 30, 2023, FDA sent a letter stating in part: "After careful review of your FOIA request, we determined that your request is too broad in scope or did not specifically identify the records which you are seeking.  Records must be described in reasonably sufficient detail to enable government employees who are familiar with the subject area to locate records without placing an unreasonable burden upon the agency. See 21 C.F.R. §20.40(b). Where possible, a requester should supply specific information regarding dates, titles, names of individuals, names of offices, and name of agencies or organizations that may help identify the records. The FOIA does not require an agency to create new records, answer questions posed by requesters, or attempt to interpret a request that does not identify specific records."

40. FDA's October 30 letter further stated "I would like to schedule a meeting with you to discuss broadening the scope of the following requests: 2023-3163, 2023-6821, 2023-6819, 2023-6818."

41. In light of the communications between FDA and PPT regarding the scope of request 2023-6819 in the month of October 2023 recounted above, any suggestion that that request 2023-6819, as clarified, was *still* "too broad in scope or did not specifically identify the records which you are seeking" lacks credibility.

42. Plaintiff's request has been pending for over 160 days—well beyond the statutory period to respond to a FOIA request, even in "unusual circumstances." 5 U.S.C. § 552(a)(6)(B).

Yet the Department still has not made a determination of whether it will comply with Plaintiff's request. *See Citizens for Responsibility and Ethics in Washington v. FEC*, 711 F.3d 180 (D.C. Cir. 2013). To wit, FDA has not produced the requested documents, communicated to the Plaintiff the scope of the documents it intends to produce and withhold, along with the reasons for such withholding, nor informed Plaintiff of its ability to appeal any adverse portion of its determination.

43. Under 5 U.S.C. § 552(a)(6)(A)(ii), agencies "may make one request to the requester for information and toll the 20-day period while it is awaiting such information that it has reasonably requested from the requester." FDA made its initial request for information on October 3, 2023. It received a response on October 23, 2023. Any tolling period lasted approximately 20 days and ended no later than October 23, 2023.

44. Thus, FDA has not and does not appear to intend to meet its statutory obligations to provide the requested records absent litigation.

45. Through FDA's failure to make a determination within the time period required by law, PPT has constructively exhausted its administrative remedies with respect to request 2023-6819 and seeks immediate judicial review.

## COUNT I

### Violation of FOIA, 5 U.S.C. § 552 – Request 2023-3163
### Wrongful Withholding of Non-Exempt Responsive Records

46. PPT repeats and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

47. PPT properly submitted a request for records within the possession, custody, and control of the Department, request 2023-3163.

48. The Department is an agency subject to FOIA, and therefore has an obligation to release any non-exempt records and provide a lawful reason for withholding any materials in response to a proper FOIA request.

49. The Department is wrongfully withholding non-exempt agency records requested by PPT by failing to produce non-exempt records responsive to request 2023-3163.

50. The Department's failure to provide all non-exempt responsive records violates FOIA.

51. Plaintiff is therefore entitled to declaratory and injunctive relief requiring the Department to promptly produce all non-exempt records responsive to its FOIA request and provide an index justifying the withholding of any responsive records withheld under claim of exemption.

## COUNT II

### Violation of FOIA, 5 U.S.C. § 552 – Request 2023-6819
### Wrongful Withholding of Non-Exempt Responsive Records

52. PPT repeats and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

53. PPT properly submitted a request for records within the possession, custody, and control of the Department, request 2023-6819.

54. The Department is an agency subject to FOIA, and therefore has an obligation to release any non-exempt records and provide a lawful reason for withholding any materials in response to a proper FOIA request.

55. The Department is wrongfully withholding non-exempt agency records requested by PPT by failing to produce non-exempt records responsive to request 2023-6819.

56. The Department's failure to provide all non-exempt responsive records violates FOIA.

57. Plaintiff is therefore entitled to declaratory and injunctive relief requiring the Department to promptly produce all non-exempt records responsive to its FOIA request and provide an index justifying the withholding of any responsive records withheld under claim of exemption.

## REQUESTED RELIEF

Protect the Public's Trust respectfully requests this Court:

(1) Assume jurisdiction in this matter and maintain jurisdiction until Defendant complies with the requirements of FOIA and any and all orders of this Court.

(2) Order Defendant to produce, within ten days of the Court's order, or by other such date as the Court deems appropriate, any and all non-exempt records responsive to PPT's FOIA request and an index justifying the withholding of all or part of any responsive records withheld under claim of exemption.

(3) Award PPT the costs of this proceeding, including reasonable attorney's fees and other litigation costs reasonably incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E).

(4) Grant PPT other such relief as the Court deems just and proper.

Dated: January 24, 2024

Respectfully submitted,

PROTECT THE PUBLIC'S TRUST
By Counsel:

/s/Gary M. Lawkowski
Gary M. Lawkowski
D.D.C. Bar ID: VA125
DHILLON LAW GROUP, INC.
2121 Eisenhower Avenue, Suite 608
Alexandria, Virginia 22314
Telephone: 703-574-1654
GLawkowski@Dhillonlaw.com

*Counsel for the Plaintiff*